**STATE of Minnesota, Respondent,**

v.

**Ronald HYLAND, Appellant.**

**No. CX–84–452.**

Court of Appeals of Minnesota.

Oct. 2, 1984.

John Daubney, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Edward Starr, St. Paul City Atty., Pamela Routhe, Asst. City Atty., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

**OPINION**

SEDGWICK, Judge.

Appellant was convicted of operating a repair garage without a license in violation of St. Paul City Ordinance Section 315.01, subds. 1 and 2. We affirm.

**FACTS**

Appellant owned nine vans which he leased to Yellow Bird, Inc. for use in transporting passengers for hire to and from the Twin Cities International Airport. The vans are driven by employees of St. Paul Limousine, which returns all proceeds except $100 per vehicle to appellant. The lease agreement obligates appellant to repair and maintain the vans.

There is no dispute that appellant has no license to operate a repair garage or body shop.

**ISSUE**

Is the evidence sufficient to support the trial court's finding that defendant operated a garage without a license?

**ANALYSIS**

On appeal, we must "apply the same standard of review to cases heard before a court without a jury as is applied to those heard by a jury." *State v. Cox*, 278 N.W.2d 62, 65 (Minn.1979). The conviction will be upheld—

> "if, based on the evidence contained in the record, the [trial] court could reasonably have found defendant guilty of the crime charged. Moreover, in making this determination the court must view the evidence in a manner most favorable to the state and assume that the [trial] court disbelieved contradictory testimony."

*Id.*

The trial court concluded appellant violated St. Paul City Ordinance Section 315.01 (1983), which provides:

> Subdivision 1. Repair garage. No person shall maintain or operate an automobile or motor vehicle repair garage in Saint Paul without a license. * * *
>
> Subd. 2. Body shop. No person shall maintain or operate an automobile body repair or automobile body painting shop, whether alone or in conjunction with an-

other business activity, in Saint Paul without a license.

Appellant contends the State failed to prove that he operated a repair garage on November 4, 1983, the date for which he was cited.

License inspector Michael Vruno testified he observed appellant and two others working on a vehicle in a garage on November 4, 1983. Inspector Dale Arcand observed work being done in the garage on November 7, 1983. Neighbor Michael Galvan testified he observed body work being done in appellant's garage and that appellant referred to his repair work as a "service" he intended to continue. Ozzie Schwartz, who lives across the alley from appellant's garage, testified that repair work had been going on since the garage was built. Neighbors Harold Gakin and George Zechman also related evidence of repair and body work.

Appellant's friend, Edward Pooley, Sr., testified that appellant did work on Pooley's personal vehicle and his cab. Scott Larson, who drives a van for St. Paul Limousine stated that appellant is a mechanic and that he works on the vans leased to Yellow Bird, Inc. Donald Mundt, a cab driver called by appellant, agreed that appellant is a mechanic and testified he used appellant's garage several times to work on cars. Finally, appellant testified that he repairs and maintains the nine vans leased to St. Paul Limousine as part of the lease agreement and that he owns sandblasting equipment for body work.

In light of the substantial circumstantial and direct evidence, the trial court could reasonably find appellant operated a repair garage and body shop.

## DECISION

The record supports appellant's conviction for violating St. Paul City Ordinance Section 315.01.

Affirmed.